KWIK WASH LAUNDRIES,
INC., Appellant,

v.

David McINTYRE, Thomas McIntyre,
and Signature Properties of
Texas, Appellees.

No. 3–91–391–CV.

Court of Appeals of Texas,
Austin.

Oct. 21, 1992.

Jim Parker, Johnson & Gibbs, Austin, for appellant.

T. Mark Rogstad, Wright & Greenhill, Austin, for appellees/cross-appellants.

Before CARROLL, C.J., and JONES and KIDD, JJ.

JONES, Justice.

Kwik Wash Laundries, Inc. ("Kwik Wash"), appellant, filed suit against David McIntyre, Thomas McIntyre, and Signature Properties of Texas (collectively, "the McIntyres"), appellees, for breach of a lease agreement. The McIntyres counterclaimed, alleging that Kwik Wash had committed fraud, civil conspiracy, and deceptive trade practices. The jury found for

the McIntyres in defense of Kwik Wash's claim and also for the McIntyres on their counterclaim for deceptive trade practices. The trial court, however, granted Kwik Wash's motion for judgment *non obstante veredicto* and rendered judgment that both Kwik Wash and the McIntyres take nothing. Both sides now appeal. Kwik Wash challenges the legal and factual sufficiency of the evidence and the contents of the jury charge. The McIntyres challenge the judgment n.o.v. for Kwik Wash, on the ground that sufficient evidence supports the jury findings on the counterclaim. We will affirm the trial court's judgment.

BACKGROUND

Because of the basis on which we resolve this appeal, only an abbreviated recitation of the facts is necessary. On December 23, 1986, Kwik Wash entered into an agreement with Ramirez Investments, Inc. to lease, for a term of twelve years, the laundry room at the San Gabriel Square Apartments, located in Austin. On April 4, 1989, Texas Commerce Bank, the mortgage lender, foreclosed on the property under the terms of its deed of trust. On October 20, 1989, the bank sold the property to the McIntyres. Although Kwik Wash and the McIntyres discussed entering into a new lease for the laundry room, no new lease was executed. When negotiations between the parties broke down, Kwik Wash maintained that the McIntyres had ratified the prior lease and were bound by it. The McIntyres, in turn, orally informed Kwik Wash that any relationship between Kwik Wash and the McIntyres was terminated.

On April 12, 1990, Kwik Wash filed suit against the McIntyres for breach of the lease. The McIntyres counterclaimed for fraud, conspiracy, and violations of the Deceptive Trade Practices Act (DTPA), Tex. Bus. & Com.Code Ann. §§ 17.41–.63 (West 1987 & Supp.1992). The jury found that the McIntyres had neither ratified the lease nor failed to comply with its terms, and also found that Kwik Wash had engaged in at least one "false, misleading or deceptive act or practice that was a producing cause of damages" to the McIntyres. The trial

court disregarded the jury's answer to the DTPA question and rendered judgment that both Kwik Wash and the McIntyres take nothing. Kwik Wash filed a limitation of appeal and brought forward a partial record. The McIntyres independently perfected an appeal and designated additional portions (but not all of the remainder) of the record.

## KWIK WASH'S APPEAL

Kwik Wash chose to limit its appeal pursuant to Rule 40(a)(4) of the Rules of Appellate Procedure, which provides in part: "No attempt to limit the scope of an appeal shall be effective unless the severable portion of the judgment from which the appeal is taken is designated in a notice served on all other parties to the trial court's final judgment...." Tex.R.App.P. 40(a)(4). In order to comply with Rule 40(a)(4), Kwik Wash included the following statement in its "Limitation of Appeal":

> Comes not [sic] Kwik Wash Laundries, Inc. and files its limitation of appeal as follows:
>
> *Issues*
>
> 1. The existence and liability on the Kwik Wash Laundries, Inc. lease and the damages and attorneys' fees recoverable by Kwik Wash Laundries, Inc. for breach of the Kwik Wash Laundries, Inc. lease.

In addition, Kwik Wash requested only a partial statement of facts, as permitted by Rule 53(d) of the Texas Rules of Appellate Procedure:

> If appellant requests or prepares a partial statement of facts, *he shall include in his request or proposal a statement of the points to be relied on* and shall thereafter be limited to such points. If such statement is filed, there shall be a presumption on appeal that nothing omitted from the record is relevant to any of the points specified or to the disposition of the appeal. Any other party may designate additional portions of the evidence to be included in the statement of facts.

Tex.R.App.P. 53(d) (emphasis added). Kwik Wash did not, however, include in its request any statement of "points to be relied on."

■ Kwik Wash argues that the statement contained in its limitation of appeal filed pursuant to Rule 40(a)(4) is sufficient to satisfy Rule 53(d). We disagree. Rule 40(a)(4) is satisfied by a general statement identifying the severable portion of the judgment appealed from, such as the statement by Kwik Wash limiting its appeal to the portion of the trial court's judgment concerning Kwik Wash's cause of action for breach of the lease agreement. Rule 53(d), on the other hand, has a more specific requirement: to designate—with reasonable particularity, we think—the complaints to be pursued on appeal. *See, e.g., Dresser Indus., Inc. v. Forscan Corp.*, 641 S.W.2d 311, 315 (Tex.App.—Houston [14th Dist.] 1982, no writ) (holding that appellant failed to comply with Rule 377(d), predecessor to Rule 53(d), because designated points to be relied on differed, in some respects, from points of error argued in the brief). Strict compliance with Rule 53(d) is required. *See Nuby v. Allied Bankers Life Ins. Co.*, 797 S.W.2d 396, 398–99 (Tex. App.—Austin 1990, no writ). We conclude that a general notice provided in a limitation of appeal is insufficient to satisfy the narrow purpose of Rule 53(d). *See Gerdes v. Mustang Exploration Co.*, 666 S.W.2d 640, 643 (Tex.App.—Corpus Christi 1984, no writ); *Whataburger, Inc. v. Rutherford*, 642 S.W.2d 30, 34 (Tex.App.—Dallas 1982, no writ).

■ Kwik Wash's failure to comply with Rule 53(d) is fatal to its appeal. Applying Texas law in the context of Kwik Wash's specific points of error prevents this Court from reaching the merits of this appeal. In its first two points of error, Kwik Wash complains of the legal and factual sufficiency of the evidence; however, a partial statement of facts does not provide a sufficient record for review by this Court. The Texas Supreme Court has expressly held that when an appellant complains of the factual or legal sufficiency of the evidence, the appellant has the burden to show that the judgment is erroneous, and this burden cannot be discharged in the absence of a

complete or an agreed statement of facts; rather, *"it is presumed that the omitted evidence supports the trial court's judgment."* Schafer v. Conner, 813 S.W.2d 154, 155 (Tex.1991) (emphasis added); *see also Englander Co. v. Kennedy,* 428 S.W.2d 806, 807 (Tex.1968); Tex.R.App.P. 50(d). In its remaining points of error, Kwik Wash complains that the trial court erroneously refused to include requested instructions in the jury charge. However, a partial statement of facts does not provide a sufficient record for review to determine whether refusal to submit the instruction was error. *Nicholes v. Texas Employers Ins. Ass'n,* 692 S.W.2d 57, 58 (Tex. 1985); *Meuth v. Hartgrove,* 811 S.W.2d 626, 628 (Tex.App.—Austin 1990, writ denied).

In addition, we are not able to determine whether any alleged error was harmful. The supreme court has held that

[a]n appellant must either comply with Rule 53(d) or file a complete statement of facts; otherwise, it will be *presumed that the omitted portions are relevant to the disposition on appeal.* A reviewing court must examine the entire record in a case in order to determine whether an error was reasonably calculated to cause and probably did cause the rendition of an improper judgment. When an appellant has neither complied with Rule 53(d) nor filed a complete statement of facts, *the reviewing court is unable to ascertain whether a particular ruling by the trial court is harmful in the context of the entire case.*

*Christiansen v. Prezelski,* 782 S.W.2d 842, 843 (Tex.1990) (emphasis added) (citation omitted). Based on our conclusion that Kwik Wash failed to comply with Rule 53(d), and absent a complete record, this Court is unable to determine whether any error was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the present case.

Kwik Wash did not comply with Rule 53(d) or bring forth a complete or an agreed statement of facts. Therefore, we presume that the omitted evidence supports the trial court's judgment and we overrule all of Kwik Wash's points of error.

## THE McINTYRES' APPEAL

The McIntyres complain on appeal that the trial court erroneously granted judgment n.o.v. for Kwik Wash on their DTPA counterclaim. Under Texas law, "[i]t is not necessary to perfect two separate and distinct appeals, *unless the judgment of the trial court is definitely severable, and appellant strictly limits the scope of his appeal to the severable portion."* Donwerth v. Preston II Chrysler-Dodge, 775 S.W.2d 634, 639 (Tex.1989) (emphasis added). Because Kwik Wash limited its appeal under Rule 40(a)(4), the McIntyres were required to perfect a separate and independent appeal and assume the role of appellants. *See Carpenter & Assocs. v. Nater Invs.,* 738 S.W.2d 351, 354 (Tex.App.—Austin 1987, writ denied). Like Kwik Wash, however, the McIntyres brought forward a record that is not complete, even when combined with the portion designated by Kwik Wash; therefore, Rule 53(d) also applies to the McIntyres' appeal.

The McIntyres did not designate any "points to be relied on" and, therefore, did not comply with Rule 53(d). They argue, however, that a partial record is sufficient for reviewing a judgment n.o.v. We disagree. In *Mancorp, Inc. v. Culpepper,* 802 S.W.2d 226 (Tex.1990), the supreme court restated the appropriate standard for reviewing a judgment n.o.v.:

In order to uphold a trial court's judgment notwithstanding the verdict, an appellate court must determine that no evidence supports the jury findings. When reviewing a no evidence point, an appellate court is limited to reviewing only the evidence tending to support the jury's verdict and must disregard all evidence to the contrary. If more than a scintilla of evidence supports the jury finding, it must be upheld.

802 S.W.2d at 227–28 (citations omitted). The McIntyres argue that the partial record submitted to this Court contains more than a scintilla of evidence supporting the jury's findings, and, based on the above

standard of review, the omitted evidence, even if unfavorable, cannot be material to this Court's decision. In one Texas case involving a directed verdict, which requires the same standard of review as a judgment n.o.v., the court seems to have followed such an analysis. *See Coleman v. Hudson Gas & Oil Corp.*, 403 S.W.2d 482 (Tex.Civ. App.—Beaumont 1966, writ ref'd n.r.e.).

We decline to follow *Coleman*, which was a pre-*Englander* case. We conclude that the presumption mandated by the supreme court in *Christiansen*, *Schafer*, and *Englander* should control even in cases involving a judgment n.o.v. or directed verdict. *See, e.g., Prather v. McNally*, 757 S.W.2d 124, 126–27 (Tex.App.—Dallas 1988, no writ) (court applied presumption in directed verdict context); *Moore v. Iglesias*, 522 S.W.2d 607, 608 (Tex.Civ.App.—Waco 1975, no writ) (court applied presumption in directed verdict context); *Waller v. O'Rear*, 472 S.W.2d 789, 790–91 (Tex.Civ. App.—Waco 1971, writ ref'd n.r.e.) (court stated that, when reviewing a directed verdict, "[t]he duty upon this court thus presented calls for a thorough examination of the entire record, and without a complete question and answer statement of facts we do not feel that we are able to properly discharge this duty"). In so holding, we do not disturb the standard of review identified in *Mancorp*; rather, we hold only that the standard cannot be properly applied without reviewing the entire record.

Failure to follow the *Englander* presumption in the present case would effectively require us to assume that the missing portions of the record contain nothing relevant to the disposition of the appeal, despite the fact that the McIntyres did not comply with Rule 53(d). We decline to do so. The trial court may, for example, have granted the judgment n.o.v. for reasons independent of the jury's findings. One possibility is that, from the evidence contained both in the present and missing portions of the record, the trial court determined as a matter of *fact* that the McIntyres were not "consumers" under the DTPA; such a finding must, if supported by sufficient evidence, be deemed found in such a manner as to support the judgment. *See Wood v. Component Constr. Corp.*, 722 S.W.2d 439, 443–44 (Tex.App.—Fort Worth 1986, no writ); Tex.R.Civ.P. 279. Without a complete record, we are unable to determine if such a deemed finding would be justified. Another possibility is that the omitted portion of the record could include evidence of a subordination agreement that proved as a matter of law that Kwik Wash's lease attained a superior status and Kwik Wash legitimately asserted its rights under the lease. In short, omitted portions of the record could demonstrate that the jury's findings and any evidence supporting those findings were immaterial to the disposition of the case. We conclude that when an appellant has not complied with Rule 53(d), a complete record is required even when the appeal is from a judgment n.o.v. or directed verdict. We overrule the McIntyres' single cross-point.

We affirm the trial court's judgment.