**Barbara FISHER, et al., Appellants,**

v.

**Clifford EVANS, et al., Appellees.**

**No. 10–92–090–CV.**

Court of Appeals of Texas, Waco.

May 12, 1993.

Rehearing Denied June 16, 1993.

Kathleen M. French, Olson & Olson, L.L.P., Waco, for appellants.

Damon L. Reed, James R. Dunnam, Dunnam & Dunnam, Waco, for appellees.

Before THOMAS, CUMMINGS and VANCE, JJ.

## OPINION

VANCE, Justice.

Barbara Fisher, Fred Lheutzy, Herbert Payne, Jr., Herbert Payne, Sr., Wanda Payne, Dan Neckar, Steve Neckar, Jr., Mary Neckar, and Ken and Diann Kucera (Appellants) sued Clifford Evans for, among other things, violations of the Deceptive Trade Practices Act (DTPA), attorney's fees, and usury. The jury returned a favorable verdict for Appellants. After various post-trial motions, the court entered a judgment non obstante veredicto for Evans.

## STATEMENT OF FACTS

Appellants appeal on an incomplete statement of facts. Rule 53(d) of the Rules of Appellate Procedure provides:

> If appellant requests or prepares a partial statement of facts, *he shall include in his request or proposal a statement of the points to be relied on* and shall thereafter be limited to such points. *If such statement is filed, there shall be a presumption on appeal that nothing omitted from the record is relevant to any of the points specified or to the disposition of the appeal.* The other party may designate additional portions of the evidence to be included in the statement of facts.

Tex.R.App.P. 53(d) (emphasis added). Appellants' request for a statement of facts is not contained in the transcript.

Appellants acknowledge that they did not comply with Rule 53(d) but contend that noncompliance merely results in the loss of the presumption that nothing omitted from the record is relevant. *Id.* Appellants argue that the partial record submitted to this Court contains more than a scintilla of evidence supporting the jury's findings and the omitted evidence, even if unfavorable, cannot be material to this Court's decision.

An appellant bears the burden of seeing that a sufficient record is presented to show error requiring reversal. Tex. R.App.P. 50(d). Rule 301 allows the court to enter a judgment non obstante veredicto "if a directed verdict would have been proper" or to "disregard any jury finding on a question that has no support in the evidence." Tex.R.Civ.P. 301. Although intrigued by Appellants' argument that they

could sustain their burden of presenting a record showing error, because even an incomplete statements of facts could contain some evidence that would support disregarded finding(s), for reasons we will state we do not agree. Likewise, for reasons we will state, we do not agree that one can successfully use an incomplete statement of facts to attack a judgment n.o.v. where a directed verdict would have been proper.

Evans moved for a judgment n.o.v. on multiple grounds. The grounds included: (1) assertions that no evidence supported the jury's findings on certain causes of action and (2) Evans' claim that the evidence conclusively established his affirmative statute-of-limitations defense, thereby barring Appellants' claims. Both reasons would support a directed verdict. *See id.*

■ In general, to uphold a court's judgment n.o.v., an appellate court must determine that no evidence supports the jury's findings. *Mancorp, Inc. v. Culpepper*, 802 S.W.2d 226, 227 (Tex.1990). When reviewing a no-evidence point, an appellate court is limited to reviewing only the evidence tending to support the jury's verdict and must disregard all evidence to the contrary. *Id.* If more than a scintilla of evidence supports the jury finding, it must be upheld. *Id.* at 228.

■ When an appellant complains of the legal or factual insufficiency of the evidence, the appellant's burden to show that the judgment is erroneous cannot be discharged in the absence of a complete or an agreed statement of facts. *Shafer v. Conner*, 813 S.W.2d 154, 155 (Tex.1991). "An appellant must either comply with Rule 53(d) or file a complete statement of facts; otherwise, it will be presumed that the omitted portions *are relevant to the disposition of the appeal.*" *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex.1990) (emphasis added).

We have found no Supreme Court authority applying the *Shafer* and *Christiansen* rules to the review of a judgment n.o.v. Some opinions, reviewing a judgment based on findings (as opposed to a judgment n.o.v.), hold that the omitted portions of the statement of facts support the "findings"; others speak of supporting the "judgment." *Compare Shafer*, 813 S.W.2d at 155 ("supports the trial court's judgment"), *with Englander Co. v. Kennedy*, 428 S.W.2d 806 (Tex.1968) (approving the holding of the intermediate court that the missing evidence "supports the court's findings"). Here, if the omitted portions support the jury's findings, we would be required to review Appellants' points. Because we believe that the correct rule is that the omitted portions support the *judgment*, we cannot review any of the points. *See Shafer*, 813 S.W.2d at 155; *Englander*, 428 S.W.2d at 807.

Our interpretation is supported by the Austin Court of Appeals' recent holding that the presumption in *Shafer* and *Christiansen* controls even in cases involving a judgment n.o.v. *See Kwik Wash Laundries, Inc. v. McIntyre*, 840 S.W.2d 739, 743 (Tex.App.—Austin 1992, no writ). "Failure to follow the *Englander* presumption ... would effectively require us to assume that the missing portions of the record contain nothing relevant to the disposition of the appeal, despite the fact that the [appealing party] did not comply with Rule 53(d). We decline to do so." *Id.* "[O]mitted portions of the record could demonstrate that the jury's findings and any evidence supporting those findings were immaterial to the disposition of the case." *Id.* Thus, without a complete statement of facts we must presume that the omitted portions of the record are relevant to and support the judgment. *See id.*

We overrule all points and affirm the judgment of the trial court.