**Sandra McDONALD, Appellant,**

v.

**The STATE of Texas, et al., Appellees.**

**No. 10–96–015–CV.**

Court of Appeals of Texas,
Waco.

Jan. 15, 1997.

equally to the State.

Mark S. Stewart and Jimmie A. Franklin, Mark S. Stewart & Associates, P.C., Fort Worth, for appellant.

Dan Morales, Attorney General, Jorge Vega, First Assistant Attorney General, Laquita A. Hamilton, Deputy Attorney General for Litigation, Delmar L. Cain, Chief, Tort Litigation Division, Lynn E. Carter, Assistant Attorney General, Austin, for appellees.

Before DAVIS, CUMMINGS and VANCE, JJ.

## OPINION

CUMMINGS, Justice.

Appellant Sandra McDonald (referred to hereafter as Sandra) sued the State of Texas, the Regents of Texas A & M University, and Texas A & M University for failing to adequately maintain a campus sidewalk in a safe condition. In a single point of error Sandra claims the trial court erred in granting the defendants' motion for directed verdict. We affirm.

Texas A & M University (hereafter Texas A & M)[1] contends in a cross-point that Sandra's point of error should be summarily overruled because she failed to present to this court a complete record of the trial court proceedings. In support of its argument, Texas A & M cites several Supreme Court opinions which have held that an appellant who fails to present to the appellate court a complete record of the trial court proceedings cannot show error requiring reversal in

---

1. We note that on March 22, 1996, the parties filed a post-judgment stipulation, agreeing to dismiss all the defendants except Texas A & M University from the lawsuit.

a legal sufficiency point.[2] *See e.g. Schafer v. Conner,* 813 S.W.2d 154, 155 (Tex.1991); *Englander Co. v. Kennedy,* 428 S.W.2d 806, 807 (Tex.1968). In reaching this conclusion, the *Schafer* and *Kennedy* courts reasoned that it is the appellant who bears the burden of furnishing the appellate court a complete record of the trial court proceedings, and when the appellant only brings forth a partial record, the appellate court must assume that the omitted portion of the record contains evidence to support the verdict. *Id.* Consequently, by presenting the appellate court with a partial record, the appellant is unable to show error requiring reversal.

The reasoning of the *Schafer* and *Kennedy* courts, however, would seem not to apply to appeals of directed verdicts. In directed verdict cases, the appellate court does not, as it does in legal sufficiency cases, examine the entire record to determine whether there is some evidence contained therein to support the verdict. Rather, the reviewing court must determine whether there is any evidence of probative force to raise a fact issue. *Szczepanik v. First Southern Trust Co.,* 883 S.W.2d 648, 649 (Tex.1994). If the court determines that a fact issue was raised by any evidence, then the cause will be remanded to the trial court so that a jury may weigh the evidence. *See id.* Therefore, it appears that if the appellant in a directed verdict case can point to probative evidence raising a material fact issue anywhere in the record that is before the appellate court then the judgment should be reversed. *See id.* Viewed in this manner, it would be immaterial whether the omitted portion of the record supports the directed verdict.

■ There is, however, a closer correlation between appellate reviews of directed verdicts and appellate reviews of legal sufficiency challenges than the above discussion tends to indicate. In both, the reviewing court considers only the evidence and infer-

ences that, viewed in their most favorable light, tend to support the judgment, discarding all contrary inferences. *See S.V. v. R.V.,* 933 S.W.2d 1, 8 (Tex.1996) (directed verdict); *Szczepanik,* 883 S.W.2d at 649 (directed verdict); *Sterner v. Marathon Oil Co.,* 767 S.W.2d 686, 690 (Tex.1989) (legal sufficiency); *Henderson v. Travelers Ins. Co.,* 544 S.W.2d 649, 650 (Tex.1976) (directed verdict); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951) (legal sufficiency); *see also Union Bankers Ins. Co. v. Shelton,* 889 S.W.2d 278, 287 (Tex.1994) (Cornyn, J., concurring and dissenting); William Powers, Jr. & Jack Ratliff, *Another Look at "No Evidence" and "Insufficient Evidence,"* 69 Tex.L.Rev. 515, 521–25 (1991). In legal sufficiency cases of the "conclusive evidence" type, if the appellate court determines (1) that, after viewing the record in the light most favorable to the judgment, there is no evidence to support a jury's fact finding that was adverse to the appellant on a dispositive legal theory and (2) that, after looking at the entire record, the evidence conclusively establishes all the elements of this theory as a matter of law, then the appellant's legal sufficiency challenge will succeed and a judgment will, under most circumstances, be rendered in his favor. *See Sterner,* 767 S.W.2d at 690–91; *see also Horrocks v. Texas Dept. of Transp.,* 852 S.W.2d 498, 499 (Tex.1993); *Southwest Livestock & Trucking Co. v. Dooley,* 884 S.W.2d 805, 807 (Tex.App.—San Antonio 1994, writ denied). Similarly, in directed verdict cases, if the appellate court finds that the evidence establishes the movant's right to judgment as a matter of law, then the directed verdict will be affirmed. *See Cliffs Drilling Co. v. Burrows,* 930 S.W.2d 709, 712 (Tex.App.—Houston [1st Dist.] 1996, no writ) (on rehearing); *I–Gotcha, Inc. v. McInnis,* 903 S.W.2d 829, 837–38 (Tex.App.—Fort Worth 1995, writ denied); *City of San Benito v. Cantu,* 831 S.W.2d 416, 422 (Tex.App.—Corpus Christi 1992, no writ).[3]

---

**2.** The holding is the same in factual sufficiency challenges, *see Schafer v. Conner,* 813 S.W.2d 154, 155 (Tex.1991); *Englander Co. v. Kennedy,* 428 S.W.2d 806, 807 (Tex.1968), but as we are dealing with an appeal from a directed verdict, which questions only whether the record contains either "no evidence" or "conclusive evidence" to support the judgment, we will address

only legal sufficiency cases. *See* William Powers, Jr. & Jack Ratliff, *Another Look at "No Evidence" and "Insufficient Evidence,"* 69 Tex.L.Rev. 515, 521–25 (1991).

**3.** Appeals from directed verdicts and judgments notwithstanding the verdict are analyzed the same way. *See* Tex.R.Civ.P. 301; *Fisher v. Evans,*

■ One form in which a proposition may be established as a matter of law is by judicial admission. When a party makes a judicial admission, the admission is conclusively established and the party against whom the admission stands cannot refute it with controverting evidence. *See Marshall v. Vise,* 767 S.W.2d 699, 700 (Tex.1989); *Beutel v. Dallas County Flood Control ·Dist., No. 1,* 916 S.W.2d 685, 694 (Tex.App.—Waco 1996, writ denied). This is true regardless if the admission is made in the party's live pleadings, is made in prior testimony, is the consequence of a procedural rule, or is made in any other manner. *See Marshall,* 767 S.W.2d at 700 (procedural rule); *Houston First Am. Sav. v. Musick,* 650 S.W.2d 764, 767 (Tex.1983) (live pleadings); *Griffin v. Superior Ins. Co.,* 161 Tex. 195, 338 S.W.2d 415, 418 (1960) (prior testimony). These judicial admissions could be found anywhere in either the statement of facts or the transcript. Therefore, because the possibility exists that evidence could be found anywhere in the appellate record that would entitle a party to judgment as a matter of law, we conclude that a party appealing a directed verdict must, as in legal sufficiency cases, bring forth the entire record of the trial court proceedings to show error requiring reversal. *See Schafer,* 813 S.W.2d at 155; *Kennedy,* 428 S.W.2d at 807; *accord Hogue v. Blue Bell Creameries, L.P.,* 922 S.W.2d 566, 570 (Tex.App.—Texarkana), *writ denied,* 930 S.W.2d 88 (Tex.1996); *Fisher v. Evans,* 853 S.W.2d 839, 840–41 (Tex.App.—Waco 1993, writ denied); *Kwik Wash Laundries, Inc. v. McIntyre,* 840 S.W.2d 739, 741–42 (Tex.App.—Austin 1992, no writ); *Prather v. McNally,* 757 S.W.2d 124, 125 (Tex.App.—Dallas 1988, no writ). Texas A & M's cross-point is sustained.

■ Notwithstanding our disposition of Texas A & M's cross-point, we will also consider, as an alternative holding, Sandra's point of error. In her point, Sandra complains that the trial court erred in granting Texas A & M's motion for directed verdict. The record reveals that the trial court granted the motion on the ground that Sandra failed to give sufficient notice of her claim

under the Texas Tort Claims Act. *See* Tex. Civ.Prac. & Rem.Code Ann. § 101.101 (Vernon 1986). Under the Act, a claimant is required to provide a governmental unit with formal, written notice of a claim against it within six months of the incident giving rise to the claim. *Id.; see Cathey v. Booth,* 900 S.W.2d 339, 340 (Tex.1995). The formal notice requirement need not be met, however, if the governmental unit has actual notice of the claim. Tex.Civ.Prac. & Rem.Code Ann. § 101.101(c); *Cathey,* 900 S.W.2d at 340. Although Sandra concedes that she failed to provide Texas A & M with formal, written notice of her claim, she nevertheless asserts that such is not fatal because Texas A & M had actual notice of the claim.

As we indicated above, the reviewing court in a directed verdict case reviews the evidence in the light most favorable to the party against whom the verdict was instructed and disregards all contrary evidence and inferences. *Szczepanik,* 883 S.W.2d at 649. If there is any conflicting evidence of probative value on any theory of recovery, an instructed verdict is improper and the case must be reversed and remanded for a jury determination of that issue. *Id.*

The record, construed in Sandra's favor, reveals that Sandra was injured on June 25, 1992, when she fell after tripping on some misjoined bricks in a campus sidewalk at Texas A & M. Sandra and her husband, Jarrell, were present on campus at the time because they were attending orientation functions with their daughter, Brittany, who was about to begin her freshman year at the university. As Sandra and Jarrell were walking that morning toward the Biochemistry and Biophysics Building, which houses the Ag Cafe, where the McDonalds were planning on having breakfast, Sandra tripped and fell.

Believing that someone with authority should be informed about the dangerous condition of the sidewalk outside the building and that Sandra had been hurt thereby, the McDonalds entered the building and looked for an administrative office. Finding all the doors of the rooms on the first floor of the

853 S.W.2d 839, 840–41 (Tex.App.—Waco 1993, writ denied).

building locked, Sandra and Jarrell entered the Ag Cafe. Once inside, the McDonalds approached a black woman standing behind a cash register and asked her if she and Jarrell could speak to the person in charge. The woman responded that she was in charge. Sandra told the woman that she had fallen in a hole created by the misjoined bricks in the sidewalk outside the building and that, as a result, she had badly hurt her foot. She gave the woman her name and asked her if she would report the incident to the proper authorities so that "no one else would fall in [the hole]." The woman responded that "she would take care of it." Sandra could not recall if the woman wrote down Sandra's name, but Sandra was certain that she did not give the woman either her address or her telephone number.

Sandra testified that she did not relay this information to the woman because she had no present intention of suing Texas A & M at the time of their conversation. Sandra and Jarrell then left the building, returned to their car, and drove to a location on campus where they met up with their daughter so that they could attend various orientation functions that day. The McDonalds never got the name of the person to whom they spoke in the Ag Cafe about the incident.

Testimony was presented by Janet Durrant, Assistant to the Vice President for Finance and Administration for Texas A & M, that all employees of Texas A & M should always inform the proper authorities whenever they are aware of a "very dangerous" condition on campus and that all employees have a responsibility to inform the proper authorities whenever someone is injured on campus.

■ Whether a governmental unit has actual notice of a tort claim is typically a question of fact best decided by the jury. *Harrison v. Texas Dept. of Criminal Justice—Institutional Division*, 915 S.W.2d 882, 890 (Tex.App.—Houston [1st Dist.] 1995, no writ); *Parrish v. Brooks*, 856 S.W.2d 522, 525 (Tex.App.—Texarkana 1993, writ denied); *see Alvarado v. City of Lubbock*, 685 S.W.2d 646, 649 (Tex.1985). However, when the evidence is not of sufficient probative force to raise a fact issue on a dispositive issue, then

a directed verdict is proper. *See Szczepanik*, 883 S.W.2d at 649; *Thermo Products Co. v. Chilton Indep. Sch. Dist.*, 647 S.W.2d 726, 732 (Tex.App.—Waco 1983, writ ref'd n.r.e.). Sandra contends that, because the person to whom she and Jarrell spoke at the Ag Cafe had, as an employee of Texas A & M, an obligation to report to her superiors the "very dangerous" condition that caused Sandra's injury, then the information they relayed to this person constituted sufficient probative evidence of actual notice to defeat Texas A & M's motion for a directed verdict. We disagree.

■ Actual notice possessed by agents of the governmental entity subject to suit may be imputed to the governmental entity they represent. *Dinh v. Harris County Hosp. Dist.*, 896 S.W.2d 248, 252–53 (Tex.App.— Houston [1st Dist.] 1995, writ dism'd w.o.j.); *Rosales v. Brazoria County*, 764 S.W.2d 342, 344 (Tex.App.—Texarkana 1989, no writ); *see City of Galveston v. Shu*, 607 S.W.2d 942, 945 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ); *Thermo Products*, 647 S.W.2d at 731; *City of Texarkana v. Nard*, 575 S.W.2d 648, 652–53 (Tex.Civ.App.—Texarkana 1978, writ ref'd n.r.e.). But not every agent will suffice. Because the purpose of the actual notice requirement "is to ensure a prompt reporting of claims to enable the [governmental entity] to investigate while facts are fresh and conditions remain substantially the same," *City of Houston v. Torres*, 621 S.W.2d 588, 591 (Tex.1981), the person possessed of the actual notice must have a duty to investigate the facts and report them to a person of sufficient authority. *Dinh*, 896 S.W.2d at 253; *Davis v. Mathis*, 846 S.W.2d 84, 87 (Tex.App.—Dallas 1992, no writ); *Rosales*, 764 S.W.2d at 344; *Shu*, 607 S.W.2d at 944– 45; *Nard*, 575 S.W.2d at 652 (quoting *Hexter v. Pratt*, 10 S.W.2d 692, 693 (Tex.Com.App. 1928, holding approved)).

Sandra presented evidence, through the testimony of Janet Durrant, that the person to whom the McDonalds spoke at the Ag Cafe had a duty to inform her superiors about any injuries on campus about which

she was aware and any dangerous conditions on campus. But they presented no evidence that this unidentified woman had a duty to investigate the facts of the incident. Without any such evidence, Sandra failed to present sufficient probative evidence of actual notice to render erroneous the trial court's granting of Texas A & M's motion for directed verdict.

Sandra's sole point of error is overruled, and the judgment is affirmed.