TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00288-CV






Apparajan Ganesan, Appellant



v.



Sudha Vallabhaneni, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT


NO. 96-14089, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING







 Appellant Apparajan Ganesan appeals the district court's interlocutory order that he
and Sudha Vallabhaneni were married at common law, as well as the subsequent final decree of
divorce dividing their marital estate. In three issues, appellant contends that: (1) he is entitled to a
new trial because the record of the six-day jury trial resulting in the common law ruling is
incomplete; (2) the district court erred in rendering a judgment of common law marriage; and (3) the
district court erred in the characterization and division of the parties' property in the final divorce
decree. We will affirm the judgment of the district court.


BACKGROUND

 In 1994, Ganesan responded to Vallabhaneni's matrimonial advertisement in a
magazine, and the two began a relationship. Soon after, the couple began contemplating a formal
marriage. During the third week of February 1995, Vallabhaneni moved from California to live with
Ganesan in Austin. At times throughout the relationship, the parties publicly held themselves out
to be married.

 In August 1996, the couple separated, and Vallabhaneni sought a protective order
against Ganesan. Ganesan violated the protective order, and while serving a fourteen-day sentence,
he solicited another inmate to have Vallabhaneni murdered. In 1997, Ganesan filed for bankruptcy,
and during negotiations he solicited a second individual to have Vallabhaneni and her attorney
murdered. Ganesan was convicted of two counts of solicitation to commit murder, and this Court
affirmed that conviction relating to acts against Vallabhaneni. See Ganesan v. State, 45 S.W.3d 197
(Tex. App.--Austin 2001, pet. ref'd).

 The parties tried the common law marriage issue to a jury and thereafter tried the
remaining issues before the court. In January 1998, the district court rendered interlocutory
judgment on the jury's verdict that Vallabhaneni and Ganesan were married at common law on
February 23, 1995. On February 21, 2001, the district court signed a final decree of divorce. 


DISCUSSIONIncomplete Reporter's Record

 In his first issue, appellant argues that because the record of the jury trial is
incomplete, he is entitled to a new trial. See Tex. R. App. P. 34.6(f). The jury trial began September
8, 1997, and lasted six days. The court reporter destroyed the notes and tapes of the proceedings for
September 9 and 10 after the expiration of three years. Ganesan did not request that the reporter
prepare the record until May 2001. The two missing days included appellee's testimony during the
jury trial portion of the cause.

 Court reporters are permitted to destroy records after three years. See Tex. Gov't
Code Ann. § 52.046(a)(4) (West 1998); see also Piotrowski v. Minns, 873 S.W.2d 368, 370 (Tex.
1993) ("By negative implication, the statute authorizes reporters to cull stale notes from their records
after three years from the date on which they were taken."). Ganesan argues he is entitled to a new
trial because he "timely requested" the record and it was lost or destroyed "without appellant's fault." 
See Tex. R. App. P. 34.6(f).

 The Texas Supreme Court has expressly held that "[i]f a litigant has not requested the
reporter to prepare a statement of the facts within three years, nor specifically requested that the
notes of a proceeding be preserved beyond three years, then the litigant is not free from fault . . . ." 
See Piotrowski, 873 S.W.2d at 371. Because Ganesan could have requested the reporter to prepare
the record within three years of the proceeding, or at minimum requested that the record be
preserved, he is not free from fault. Accordingly, he is not entitled to a new trial. See id. at 370
(holding appellant is not entitled to a new trial unless the reporter's notes have been lost or destroyed
without appellant's fault and the parties cannot agree on a statement of facts). (1)

 Appellant argues that his request for the reporter's record was timely because it was
made "at or before the time for perfecting appeal." See Tex. R. App. P. 34.6(b)(1). Rule 34.6(f)
clearly requires a timely request and loss or destruction of the reporter's notes without appellant's
fault before he is entitled to a new trial. See Tex. R. App. P. 34.6(f)(1)&(2). Because appellant is
not free from fault, the fact that his request may have been timely under Rule 34.6(b)(1) is irrelevant. 
Accordingly, we overrule appellant's first issue.

Jury Charge

 In his second issue, appellant argues that the district court erred by: (1) failing to
properly instruct the jury on common law marriage, and (2) refusing to admit into evidence a letter
from appellee's mother suggesting a possible future marriage date.

 The standard of review for error in the jury charge is abuse of discretion. Texas Dep't
of Human Servs. v. E. B., 802 S.W.2d 647, 649 (Tex. 1990). A trial court abuses its discretion only
when it acts without reference to guiding rules or principles. Id. To determine whether an alleged
error in the jury charge requires reversal, the reviewing court must consider the pleadings of the
parties, the evidence presented at trial, and the charge in its entirety. Island Recreational Dev. Corp.
v. Republic of Tex. Sav. Ass'n, 710 S.W.2d 551, 555 (Tex. 1986); Allen v. Allen, 966 S.W.2d 658,
660 (Tex. App.--San Antonio 1998, pet. denied). Alleged error will be deemed reversible only if,
when viewed in light of the totality of the circumstances, it amounted to such a denial of the rights
of the complaining party as was reasonably calculated and probably did cause the rendition of an
improper judgment. Tex. R. App. P. 44.1(a)(1); In re A.V., 57 S.W.3d 51, 62 (Tex. App.--Waco
2001, no pet.).

 Ganesan complains of the district court's instruction to the jury regarding common
law marriage. Section 2.401(a)(2) of the Family Code provides that "the marriage of a man and
woman may be proved by evidence that . . . the man and woman agreed to be married and after the
agreement they lived together in this state as husband and wife and there represented to others that
they were married." Tex. Fam. Code Ann. § 2.401(a)(2) (West 1998). The jury instruction in the
present case tracks the language of the code: "A man and a woman are married if they agreed to be
married and after the agreement they lived together in Texas as husband and wife and there
represented to others that they were married." Based on this instruction, the jury found that appellant
and Vallabhaneni were married as of February 23, 1995.

 The district court rejected the following set of instructions submitted by appellant:


Living Together in Texas. An agreement to marry in the future, coupled with
cohabitation, will not establish a marriage. Leal v. Moreno, 733 S.W.2d 322 (Tex.
App.--Corpus Christi 1987). Merely living with a person of the opposite sex and
having a sexual relationship with that person is not enough to establish a marriage. 
Thompkins v. State, 774 S.W.2d 195 (Tex. Crim. App. 1987).


Representation to Others. The element of representing to others is not satisfied by
an occasional uncontradicted reference to a cohabitant as "my wife" or "my husband"
or "mine." Such statements will not prove a tacit agreement to be married without
corroboration. Statements referencing someone as their "husband" or "wife" made
in a self-serving context do not have to be taken as true statements when determining
if the parties had an agreement to be married. Russell v. Russell, 865 S.W.2d 929
(Tex. 1993).


Continuity of Existence of Marriage. One cannot both declare to be single and
married. A party cannot drop in and out of marriage based on the financial
opportunities or advantages that status presents on different days. Fuentes v.
Transamerica Nat'l Gas Corp., 933 S.W.2d 624 (Tex. App.--San Antonio 1996,
n.w.h.). (2)



Appellant contends that because the evidence supported the submission of these instructions to the
jury, the trial court erred by not giving them. We disagree.

 Trial courts are charged with submitting "such instructions and definitions as shall
be proper to enable the jury to render a verdict." St. Joseph Hosp. v. Wolff, 999 S.W.2d 579, 586
(Tex. App.--Austin 1999, no pet.). The trial court's latitude in this area is even greater than in the
area of jury questions. Oadra v. Stegall, 871 S.W.2d 882, 889 (Tex. App.--Houston [14th Dist.]
1994, no writ). "If the charge resolves the controlling issues raised by the pleadings and any
evidence in a feasible manner that does not confuse the jury, no error occurs." Connell Chevrolet
Co. v. Leak, 967 S.W.2d 888, 894 (Tex. App.--Austin 1998, no pet.). In the present case, the district
court's instruction made it clear to the jury that it could find the parties were informally married only
if it found: (1) an agreement to be married, (2) after the agreement, the couple lived together in Texas
as husband and wife, and (3) the couple represented to others that they were married. See Russell
v. Russell, 865 S.W.2d 929, 932 (Tex. 1993). This instruction is consistent with both the applicable
Family Code provision and the Texas Pattern Jury Charge. See Tex. Fam. Code Ann. § 2.401(a)(2);
Comm. on Pattern Jury Charges, State Bar of Tex., Texas Pattern Jury Charges Family PJC 201.4A
(2000). As such, we cannot say that the district court's instruction amounted to an abuse of
discretion. St. Joseph Hosp., 999 S.W.2d at 586.

 Even if the district court's failure to give the instruction constituted error, however,
appellant does not contend that the charge amounted to such a denial of his rights as was reasonably
calculated and probably did cause the rendition of an improper judgment. See Tex. R. App. P.
44.1(a)(1). Ganesan argues his proposed instruction "would have helped the jury evaluate the
evidence regarding the parties' agreement [to be married]," and that "[w]ithout the instructions, the
jury could minimize or ignore the evidence [that Ganesan and Vallabhaneni contemplated a future
marriage]." In effect, Ganesan tendered the instruction so the court could provide the jury guidance
on the weight to give the evidence, which would have been an impermissible comment by the trial
court. See Tex. R. Civ. P. 277. Therefore, any error in the charge does not merit reversal because
there has been no showing that it was reasonably calculated and probably did cause rendition of an
improper judgment. See Passons, 969 S.W.2d at 563. Accordingly, we overrule Ganesan's
complaint.


Exclusion of the Evidence

 Appellant contends that the district court erred by sustaining appellee's objection to 
the admission of a letter into evidence. Appellant testified that the letter was sent by Vallabhaneni's
mother suggesting an appropriate time for a formal marriage ceremony. Because appellant could not
testify to the fact that the letter was in the mother's handwriting, appellee objected to its admission
on the ground that it had not been properly authenticated. The district court sustained the objection.

 The admission or exclusion of evidence is committed to the trial court's sound
discretion. City of Brownsville v. Alvarado, 897 S.W.2d 750, 753 (Tex. 1995). A party seeking to
reverse a judgment based on the admission or exclusion of evidence must show that the evidence
was erroneously admitted or excluded and that the error probably caused rendition of an improper
judgment. Id.; see also Tex. R. App. P. 44.1(a)(1); Tex. R. Evid. 103(a). A successful challenge to
evidentiary rulings usually requires the complaining party to show the judgment turns on the
particular evidence excluded or admitted. Alvarado, 897 S.W.2d at 753-54. We determine whether
the case turns on the evidence excluded by reviewing the entire record. Id. at 753.

 The only authority cited by appellant in his discussion of this issue is Texas Rule of
Evidence 901(b)(4), (3) which provides that the authentication requirement can be met by "appearance,
contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with
circumstances." Tex. R. Evid. 901(b)(4). However, the record reflects that appellant failed to make
this argument to the trial court; appellant's response to appellee's objection was limited to the
contention that the letter was not being offered for its truth, but as a reflection of the state of mind
of appellee's family. Because appellant did not present this argument to the trial court, he cannot
make it on appeal. Tex. R. App. P. 33.1. Accordingly, we overrule the issue. (4)


Legal and Factual Sufficiency of the Evidence

 Appellant challenges the factual sufficiency of the evidence supporting the jury's
finding that the parties were married. He further challenges the legal and factual sufficiency of the
evidence supporting the jury's finding that the parties' informal marriage occurred on February 23,
1995. In his third issue, Ganesan challenges the factual sufficiency of the evidence to support the
district court's distribution of the marital estate.


[W]hen an appellant complains of the factual or legal sufficiency of the evidence, the
appellant has the burden to show that the judgment is erroneous, and this burden
cannot be discharged in the absence of a complete or agreed statement of facts;
rather, "it is presumed that the omitted evidence supports the trial court's judgment."



Kwik Wash Laundries, Inc. v. McIntyre, 840 S.W.2d 739, 741-42 (Tex. App.--Austin 1992, no writ);
see also Englander Co. v. Kennedy, 428 S.W.2d 806, 807 (Tex. 1968). Because Ganesan failed to
file a complete reporter's record or agreed statement of the facts, his factual and legal sufficiency
challenges must fail. See id. (5)

 Even in the absence of a complete reporter's record, the partial record before us
reflects factually sufficient evidence to support the finding that the parties were informally married,
as well as the district court's division of marital property. The record further reflects legally and
factually sufficient evidence to support the finding that the parties' informal marriage occurred on
February 23, 1995. To review the evidence under a no-evidence point, we consider all the evidence
in the light most favorable to the prevailing party, indulging every reasonable inference in that
party's favor. Leal v. Texas Dep't of Protective & Regulatory Servs., 25 S.W.3d 315, 321 (Tex.
App.--Austin 2000, no pet.). We will uphold the finding if more than a scintilla of the evidence
supports it. Garza v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965); In re King's Estate, 244 S.W.2d 660,
661 (Tex. 1951). The evidence supporting a finding amounts to more than a scintilla if reasonable
minds could arrive at the finding given the facts proved in the particular case. Id.; Brigham v.
Brigham, 863 S.W.2d 761, 762 (Tex. App.--Dallas 1993, writ denied).

 When reviewing a jury verdict to determine the factual sufficiency of the evidence,
we must consider and weigh all the evidence and should set aside the judgment only if it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Cain v.
Bain, 709 S.W.2d 175, 176 (Tex. 1986); Leal, 25 S.W.3d at 321; Brigham, 863 S.W.2d at 762-63. 
We will not substitute our judgment for that of the trier of fact merely because we reach a different
conclusion. Leal, 25 S.W.3d at 321.

 As the basis for his challenge to the finding that the parties were informally married,
appellant refers to his trial testimony in which he indicates that he only agreed to a future marriage
to Vallabhaneni and recounts the occasions on which their attempts to be formally married failed. 
Appellant also points to the testimony of Kevin Leverenz, a police officer with the Austin Police
Department. Leverenz testified that he responded to a domestic disturbance call at appellant's
residence in August 1995 and that appellee repeatedly complained that Ganesan had brought her to
Austin under false pretenses of becoming his wife. Ganesan further points to appellee's immigration
documentation in which she holds herself out as single. Appellant dismisses all other conflicting
evidence in the record as "indirect" and concludes that "[i]n the absence of Vallabhaneni's
testimony, the evidence of record surely preponderates against the jury's finding that there was a
common law marriage."

 Appellee responds by providing numerous citations to the record before us which
indicate the existence of an informal marriage, including the following: (1) Ganesan testified under
oath in a deposition in November 1995 that appellee was his common law wife; (2) Ganesan referred
to appellee as his wife in a letter signed by both parties; (3) appellee referred to Ganesan as her
husband in a letter to the Consulate General of Switzerland; and (4) appellee referred to Ganesan as
her common-law husband in her request for protective order. After reviewing the evidence contained
in the incomplete record, we cannot say that the judgment is so contrary to the overwhelming weight
of the evidence as to be clearly wrong and unjust. Accordingly, we overrule appellant's issue.

 Appellant contends that the evidence is legally and factually insufficient to support
the jury's finding that the parties' informal marriage occurred on February 23, 1995. However, it
is undisputed that the parties began living together in Austin during the third week of February 1995. 
Accordingly, we conclude that there is more than a scintilla of evidence to support the jury's finding,
and we cannot say that the judgment is so contrary to the overwhelming weight of the evidence as
to be clearly wrong and unjust; therefore, we overrule appellant's complaint.

 Appellant contends that the evidence is factually insufficient to support the district
court's finding that he failed to overcome the presumption of community property as to certain
retirement and brokerage accounts and a ranch. "Property possessed by either spouse during or on
dissolution of marriage is presumed to be community property." Tex. Fam. Code Ann. § 3.003(a)
(West 1998). "The degree of proof necessary to establish that property is separate property is clear
and convincing evidence." Id. § 3.003(b) (West 1998). Clear and convincing evidence is the degree
of proof that will produce in the mind of the trier of fact a firm belief or conviction about the
allegations sought to be established. See Tarver v. Tarver, 394 S.W.2d 780, 783 (Tex. 1965);
Ellebracht v. Ellebracht, 735 S.W.2d 658, 659 (Tex. App.--Austin 1987, no writ). To overcome
this presumption, the spouse claiming separate property must trace and clearly identify the property
claimed to be separate. See Whorall v. Whorall, 691 S.W.2d 32, 35 (Tex. App.--Austin 1985, writ
dism'd) (citing McKinley v. McKinley, 496 S.W.2d 540 (Tex. 1973)). Tracing involves establishing
the separate origin of the property through evidence showing the time and means by which the
spouse originally obtained possession of the property. See id.

 The record reflects that the only evidence appellant provided was his own testimony
that he had certain accounts prior to his marriage to Vallabhaneni, out of which he made payments
for the ranch, and several exhibits purporting to establish the separate nature of those accounts. 
However, Ganesan's testimony is limited to naming the institutions holding his accounts; neither his
testimony nor the exhibits provide account numbers, statements of accounts, dates of transfers, 
amounts transferred in or out, sources of funds, or any semblance of asset tracing. The burden to
overcome the statutory presumption was on Ganesan, and we cannot say that the district court's
failure to find that he overcame the community property presumption is contrary to the
overwhelming weight of the evidence so as to be clearly wrong and unjust. Accordingly, his issue
is overruled.

 Finally, appellant challenges the trial court's division of marital property. In the
divorce decree, the trial court has the duty to order a just and right division of the parties' estate,
having due regard for the rights of each spouse. Tex. Fam. Code Ann. § 7.001 (West 1998). 
Appellant contends that there is insufficient evidence to support the district court's division of the
community estate based on any disparity in income or earning potential. However, appellant does
not point to and we are unaware of any indication in the district court's judgment or findings of fact
and conclusions of law that the trial court's division of the property was based on disparity in income
or earning potential. As such, we overrule his complaint.


CONCLUSION

 We overrule all of Ganesan's complaints on appeal. We therefore affirm the
judgment of the district court.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Yeakel and Puryear

Affirmed

Filed: March 21, 2002

Publish

1. Appellant concedes that he is unable to provide authority for the proposition that his bankruptcy
proceeding stayed the limitations period for his record request. 
2. Appellant relies on Justice Rickoff's concurring opinion in Fuentes.
3. Appellant cites Rule "901(4)"as authority for this contention; we assume he refers to Rule
901(b)(4).
4. On appeal, appellant restates his argument that the letter should be admitted as a reflection of
the family's state of mind; however, appellant cites no authority for his position, and his issue is
overruled accordingly. See Tex. R. App. P. 38.1(h). In any event, we question how the state of mind
of appellee's family is relevant to prove the parties' mutual agreement to be married.
5. While appellant does not make the argument, we note that Englander and McIntyre predate
current Rule of Appellate Procedure 34.6(c)(4), which provides:


The appellate court must presume that the partial reporter's record designated by the
parties constitutes the entire record for purposes of reviewing the stated points or issues. 
This presumption applies even if the statement includes a point or issue complaining of
the legal or factual insufficiency of the evidence to support a specific factual finding
identified in that point or issue.


Tex. R. App. P. 34.6(c)(4). One court of appeals has observed, "Rule 34.6(c) allows appellant to
request a partial reporter's record in order to minimize the expense and delay associated with the
appellate process." Jaramillo v. Atchison, Topeka & Santa Fe Ry. Co., 986 S.W.2d 701, 702 (Tex.
App.--Eastland 1998, no pet.). Ganesan did not designate a partial reporter's record, and the policy
consideration of minimizing expense and delay does not apply here. Because appellant simply
neglected to request or preserve the reporter's record, Rule 34.6(c)(4) is not applicable.