Richards v. Texas A&M University
















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-183-CV

     MICHAEL RICHARDS,
                                                                              Appellant
     v.

     TEXAS A& M UNIVERSITY SYSTEM
     AND TEXAS A & M UNIVERSITY,
                                                                              Appellees
 

From the 361st District Court
Brazos County, Texas
Trial Court # 47,822-361
                                                                                                                

CONCURRING OPINION
                                                                                                                

      Richards essentially argues that the absence of a statute waiving sovereign immunity as to
A&M amounts to a denial of equal protection because the legislature has waived sovereign
immunity for workers’ compensation retaliation suits under Texas Labor Code Chapter 451,
for all state agencies other than the University of Texas and Texas A&M University. I agree
to affirm the trial court’s judgment of dismissal for want of jurisdiction.
 
SOVEREIGN IMMUNITY
      It is axiomatic that sovereign immunity protects the State of Texas, its agencies and its
officials from lawsuits for damages, absent legislative consent to sue the State. Federal Sign v.
Texas Southern University, 951 S.W.2d 401, 405 (Tex. 1997).
      Richards asks us to do something we cannot do: write a statute that waives sovereign
immunity for employees of A&M who want to sue for wrongful discharge after filing a
compensation claim. See Lynch v. Port of Houston Auth. 671 S.W.2d 954, 957 (Tex. 
App.—Houston [14th Dist.] 1984, writ ref’d n.r.e.) (“Such a drastic and fundamental change
[as to abrogate the doctrine of sovereign immunity] should be made, if at all, by the legislature
or the Supreme Court.”); see also Miller v. Albright, 523 U.S. 420, 118 S.Ct. 1428, 140
L.Ed.2d 575 (1998) (Scalia, J. concurring) (“[T]he Court has no power to provide the relief
requested.”).
      Richards’ complaint should be addressed to the legislature. Because the legislature has not
abrogated sovereign immunity in this context and the Supreme Court has not addressed it, it
remains intact.


 The trial court’s dismissal was correct.
 
                                                                   BILL VANCE
                                                                   Justice

Concurring opinion delivered and filed February 11, 2004



erpretation is supported by the Austin Court of Appeals' recent holding that the
presumption in Shafer and Christiansen controls even in cases involving a judgment n.o.v. See
Kwik Wash Laundries, Inc. v. McIntyre, 840 S.W.2d 739, 743 (Tex. App.—Austin 1992, no writ). 
"Failure to follow the Englander presumption . . . would effectively require us to assume that the
missing portions of the record contain nothing relevant to the disposition of the appeal, despite the
fact that the [appealing party] did not comply with Rule 53(d). We decline to do so." Id. 
"[O]mitted portions of the record could demonstrate that the jury's findings and any evidence
supporting those findings were immaterial to the disposition of the case." Id. Thus, without a
complete statement of facts we must presume that the omitted portions of the record are relevant
to and support the judgment. See id.
      We overrule all points and affirm the judgment of the trial court.
 

                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed May 12, 1993
Publish