COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| NOEL CASTILLO and NORMA CASTILLO, | § | No. 08-22-00167-CV |
| Appellants, | § | Appeal from the |
| v. | § | County Criminal Court No. 1 |
| MARIA MARTINEZ, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 2022-CCV00425) |

## MEMORANDUM OPINION

Appellants, Noel and Norma Castillo, appearing pro se, appeal the judgment of eviction granted in favor of Appellee, Maria Martinez, also appearing pro se. We affirm.

## BACKGROUND

On June 23, 2022, Martinez obtained a judgment of eviction from non-residential property against the Castillos in Justice Court Precinct Six. The Castillos appealed the matter to County Criminal Court at Law Number One. On August 12, 2022, the Castillos and Martinez appeared and announced ready for trial. The bench trial occurred over the course of August 12th and 15th. A court reporter recorded the bench trial. After considering the pleadings, evidence, and arguments of the parties, the trial court issued a final judgment. The trial court found the Castillos were guilty of forcible detainer and ordered Martinez recover possession of the premises. The trial court further

found neither party was entitled to a judgment for damages because both failed to prove the agreed upon monthly rent. Finally, the trial court set a supersedeas bond with a required amount of rent through the appeal to stay execution of the judgment. This appeal followed.

The Castillos did not request the reporter's record or make financial arrangements with the court reporter. Therefore, the reporter's record was not filed and is not in our appellate record.

## DISCUSSION

Although the Castillos' issues are not numbered, for clarity we number them as follows. In their first issue, the Castillos argue the judgment in favor of Martinez was not supported by legally or factually sufficient evidence. In their second issue, the Castillos argue the trial court erred in failing to award them damages because they proved such damages at trial. In their third and final issue, the Castillos argue the trial court erred because "it listed that rent was to . . . continued to be paid."[1]

Although we construe pro se briefs liberally, we hold pro se litigants to the same standards as licensed attorneys. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). It is well-established law that without a complete record, an appellate court cannot review all evidence presented or "apply the appropriate evidentiary sufficiency standards in review of the case." *In re Est. of Arrendell*, 213 S.W.3d 496, 499 (Tex. App.—Texarkana 2006, no pet.). "When a reporter's record is not filed, as in this case, we must assume that the missing evidence supports the trial court's ruling." *Bell v. State for S.E.G*, 659 S.W.3d 21, 24 (Tex. App.—El Paso 2021, no pet.) (citing *Bryant v. United Shortline Inc. Assurance Servs., N.A.*, 972 S.W.2d 26, 31 (Tex. 1998).

---

[1] In their brief, the Castillos also allege that Martinez harassed, threatened, retaliated, committed deceptive trade practices, other aggravated conduct, and gross negligence. The final judgment makes no mention of any of these allegations. Assuming these allegations were pleaded and argued at the trial court level, any error was not preserved for appeal because there is no evidence the trial court ruled or refused to rule on these claims. TEX. R. APP. P. 33.1(a)(2).

Without a reporter's record or findings of fact, we must presume the evidence was sufficient to support the judgment. *Guthrie v. Nat'l Homes Corp.*, 394 S.W.2d 494, 495 (Tex. 1965); *Smith v. Grace*, 919 S.W.2d 673, 677-78 (Tex. App.—Dallas 1996, writ denied). Further, without a reporter's record, an appellant cannot show the evidence was insufficient to support any finding. *Englander Co. v. Kennedy*, 428 S.W.2d 806, 807 (Tex. 1968) (per curiam) ("When the complaint is that the evidence is factually or legally insufficient to support vital findings of fact, or that the evidence conclusively refutes vital findings, this burden cannot be discharged in the absence of a complete or an agreed statement of facts."); *Panizo v. Young Men's Christian Ass'n of Greater Houston Area*, 938 S.W.2d 163, 167 (Tex. App.—Houston [1st Dist.] 1996, no writ); *Fisher v. Evans*, 853 S.W.2d 839, 840-41 (Tex. App.—Waco 1993, writ denied).

Accordingly, we must presume the unfiled reporter's record supports the trial court's factual determinations. Therefore, we overrule the Castillos' first and second issues.

The Castillos' third issue is that the trial court erred in ordering rent to continue to be paid. The Castillos do not take issue with the amount but the mere fact that the trial court listed that rent was to continue to be paid. A supersedeas bond is designed to suspend a judgment and preserve the status quo during the pendency of the appeal. *Kantor v. Herald Pub. Co., Inc.*, 632 S.W.2d 656, 657-58 (Tex. App.—Tyler 1982, opinion on motion) (per curiam). A supersedeas bond is not paid to a party but paid into the court's registry to protect parties' rights while suspending the execution of the judgment. TEX. R. APP. P. 24. A trial court has broad discretion to determine the amount and type of security. *Miller v. Kennedy & Minshew, P.C.*, 80 S.W.3d 161, 164 (Tex. App.—Fort Worth 2002, no pet.). Under the Texas Property Code § 24.007, when setting the supersedeas bond in an eviction suit the trial court should take "into consideration the value of rents likely to accrue during appeal." TEX. PROP. CODE ANN. § 24.007. In the final judgment, the

trial court set monthly rent as part of a supersedeas bond. We find no evidence the trial court erred in setting a supersedeas bond and monthly rent paid into the court registry to stay the judgment during appeal.

We overrule the Castillos' third issue.

## CONCLUSION

Accordingly, we overrule all the Castillos' issues and affirm the trial court's judgment.


YVONNE T. RODRIGUEZ, Chief Justice

April 19, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.

4