Opinion issued January 26, 2006 



 








 





In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-05-00079-CV
__________
 
ALVIN CHARLES DUNCAN, Appellant
 
V.
 
CITY OF HOUSTON, Appellee
 

 
 
On Appeal from the 133rd District Court
Harris County, Texas
Trial Court Cause No. 2003-45152
 

 
 
MEMORANDUM OPINION
          We deny appellant’s motion for rehearing. Tex. R. App. P. 49.3. We withdraw
our December 8, 2005 opinion, substitute this opinion in its place, and vacate our
December 8, 2005 judgment. 
          Appellant, Alvin Charles Duncan, challenges the trial court’s rendition of
summary judgment in favor of appellee, the City of Houston (the “City”), in his suit
alleging that the City was negligent in failing to maintain its sidewalks and keep them
“free, clean and inspect[ed] from defect[s].” In two issues, Duncan contends that the
trial court erred (1) in granting the City’s summary judgment motion on the ground
that Duncan failed to satisfy the notice requirements of the Texas Tort Claims Act,



and (2) in failing to rule on his motion for appointment of counsel, motion to compel
discovery, and various post-judgment motions, including his motion for appointment
of appellate counsel, motion to obtain copy of trial court’s order, motion to reinstate,
motion for extension of time to file motion for new trial, and motion for new trial. 
We affirm. 
Factual and Procedural Background
          Duncan alleged that on September 19, 2001, while riding a bicycle on a
sidewalk in the 3600 block of Des Chaumes Street in Houston, he sustained personal
injuries when he fell head first onto the sidewalk after striking a guy wire, which was
installed in the middle of the sidewalk and connected to a pole. 
          On October 15, 2001, Duncan sent a letter to the claims department of Reliant
Energy/Houston Lighting & Power Co. (“Reliant”), stating that he was injured when
he was riding his bicycle and struck a guy wire, which was supporting a utility pole. 
The letter further stated that the wire “posed a substantial tripping hazard” and that
the installation of the wire was “grossly negligent.” On January 31, 2002, Reliant
sent a letter to Duncan stating that it was investigating Duncan’s claim. On June 28,
2002, Reliant sent Duncan a letter stating that the wire was not installed by Reliant
and that it belonged to Time Warner Communications (“Time Warner”).


 Reliant
informed Duncan that it would be unable to assist him with his claim. On November
5, 2002, apparently after Duncan contacted Time Warner, Time Warner’s insurer sent
Duncan a letter denying his claim and suggesting that Duncan submit his claim to the
City’s liability carrier.
          Duncan filed suit against the City on August 11, 2003, almost two years after
Duncan sustained his injuries. The City moved for summary judgment on the ground
that Duncan failed to comply with the notice provisions in section 101.101(a) of the
Texas Tort Claims Act, which provides that the City is entitled to receive notice of
a claim against it not later than six months after the day that the incident giving rise
to the claim occurred. Tex. Civ. Prac. & Rem. Code Ann. § 101.101(a) (Vernon
2005).


 The City also moved for summary judgment on the ground that Duncan
failed to comply with the notice provisions in the City charter, which requires a
person who is injured to provide the City written notice of such injury within ninety
days after sustaining the injury. City of Houston Charter art. IX, § 11. The City
attached to its summary judgment motion a copy of the City charter and an affidavit
from Anna Russell, the City secretary, stating that she reviewed the City’s records
and that Duncan did not provide the City with any notice of a claim for damages. 
          Duncan filed an “objection” to the City’s summary judgment motion, and
attached what appears to be a copy of a page from a Southwestern Bell telephone
book, labeled “Government Offices-City,” which provides a listing, under the
subheading “Public Works & Engineering Department,” for “Street Light Repair
HL&P Customer Service.” The City responded to Duncan’s objection by presenting
the trial court with an assumed name certificate for “Houston Industries Incorporated,
doing business as Reliant Energy HL&P.” The trial court granted the City’s summary
judgment motion based on Duncan’s “failure to satisfy the mandatory requirements
of Article IX, Chapter 11 of the Charter, City of Houston, and section 101.101 of the
Texas Tort Claims Act.”
Standard of Review
          To prevail on a summary judgment motion, a movant has the burden of proving
that it is entitled to judgment as a matter of law and that there is no genuine issue of
material fact. Tex. R. Civ. P. 166a(c); Cathey v. Booth, 900 S.W.2d 339, 341 (Tex.
1995). We may affirm a summary judgment only when the record shows that a
movant has disproved at least one element of each of the plaintiff’s claims or has
established all of the elements of an affirmative defense as to each claim. Am.
Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997). We must accept as true
evidence in favor of the nonmovant and indulge every reasonable inference and
resolve all doubts in favor of the nonmovant. Cathey, 900 S.W.2d at 341. 
Notice Requirements
In his first issue, Duncan argues that the trial court erred in granting the City’s
summary judgment motion because he provided the City with timely formal notice
and that the City had actual notice of his claim. 
A plaintiff must provide a governmental unit with notice of a claim against it
not later than six months after the day the incident giving rise to the claim occurred,
and such notice must reasonably describe (1) the damage or injury claimed, (2) the
time and place of the incident, and (3) the incident. Tex. Civ. Prac. & Rem. Code
Ann. § 101.101(a). Section 101.101(b) provides that “[a] City’s charter and
ordinance provisions requiring notice within a charter period permitted by law are
ratified and approved.” Id. § 101.101(b). The City’s charter provides that before the
City may be held liable for personal injuries,
the person injured . . . or some one in his behalf, shall give the Mayor
and City Council notice in writing of such injury or destruction, duly
verified, within ninety days after the same has been sustained, stating in
such written notice when, where and how the injury or destruction
occurred, and the apparent extent thereof, the amount of damage
sustained, the amount for which claimant will settle, the actual residence
of the claimant by street and number at the date the claim is presented,
and the actual residence of such claimant for six months immediately
preceding the occurrence of such injuries or destruction, and the names
and addresses of the witnesses upon whom he relies to establish his
claim . . . .

City of Houston Charter art. IX, § 11; see also City of Houston v. Torres, 621
S.W.2d 588, 589 n.1, 592 (Tex. 1981). 
          Notice of a claim against a governmental unit, as mandated by either section
101.101(a) or the City charter, is not required if the governmental unit has “actual
notice” that the claimant has received some injury. Tex. Civ. Prac. & Rem. Code
Ann. § 101.101(c). “[A]ctual notice under section 101.101(c) requires that a
governmental unit have knowledge of the information that it is entitled to be given
under section 101.101(a) and a subjective awareness that its fault produced or
contributed to the claimed injury.” Tex. Dep’t of Criminal Justice v. Simons, 140
S.W.3d 338, 348 (Tex. 2004). Actual notice may be imputed to the governmental unit
by an agent or representative of the entity charged with a duty to investigate the facts
and report them to a person of sufficient authority. See McDonald v. State, 936
S.W.2d 734, 738 (Tex. App.—Waco 1997, no pet.); Dinh v. Harris County Hosp.
Dist., 896 S.W.2d 248, 253 (Tex. App.—Houston [1st Dist.] 1995, writ dism’d
w.o.j.). Whether an entity has actual notice is generally a question of fact. Dinh, 896
S.W.2d at 252–53. However, where the evidence is insufficient to raise a fact issue,
the existence of actual notice may be determined as a matter of law. Simons, 140
S.W.3d at 348; McDonald, 936 S.W.2d at 738. 
          In regard to Duncan’s assertion that he provided the City with timely notice,
we note that the only notice contained in the record is Duncan’s October 15, 2001
letter to Reliant and that the City presented an affidavit stating that Duncan did not
provide the City with timely notice of his claim. Thus, the summary judgment
evidence establishes that Duncan did not provide the City with notice of his claim in
compliance with section 101.101(a) or the City charter. 
          In support of his contention that the City had actual notice of his claim, Duncan
asserts that Reliant is “an agent or representative of governmental unit of City
engineer.” Here, Duncan does not allege, or present any argument or supporting
evidence, that a City employee charged with a duty to investigate and report facts to
a person of sufficient authority had any knowledge of Duncan’s injury or had a
subjective awareness that the City’s fault produced or contributed to Duncan’s injury. 
Duncan’s mere reference to an unauthenticated page of a phone book does not
provide any evidence that Reliant, or any of Reliant’s employees, served as a
representative or agent of the City.


 Conversely, the City presented testimony that it
did not receive notice of Duncan’s injuries and also presented evidence that “Reliant
Energy HL&P” was an assumed name for Houston Industries Incorporated, a distinct
corporate entity.


 Duncan’s argument that the City had actual notice because the
guy wire was removed from the sidewalk after he was injured is also misplaced. 
Here, even if Duncan had presented competent summary judgment evidence showing
that the guy wire was removed by the City, which he did not, there is no evidence that
the City, or any of its agents or representatives, was aware that Duncan was injured
as a result of tripping over the guy wire or that the City’s fault produced or
contributed to Duncan’s injury.
 Accordingly, we hold that the trial court did not err in granting the City’s
summary judgment motion on the ground that Duncan failed to satisfy the notice
requirements of section 101.101 of the Texas Tort Claims Act. 
We overrule Duncan’s first issue.Trial Court’s Failure to Rule on Various Motions
          In his second issue, Duncan argues that the trial court erred in failing to rule
on his various pretrial and post-judgment motions because a trial court must rule on
such motions within a reasonable time. In the body of his argument, Duncan also
complains about the trial court’s failure to rule on his motion to compel further
response to plaintiff’s second set of interrogatories. 
          The City’s only response to Duncan’s argument about the trial court’s failure
to rule on these motions is that the trial court lacked subject matter jurisdiction over
the case. However, as recognized by the City in its brief, the Texas Supreme Court
has recently held that “the failure to give notice of a claim as required by section
101.101 does not deprive a court of subject matter jurisdiction over an action on the
claim.” Univ. of Tex. Sw. Med. Ctr. at Dallas v. Loutzenhiser, 140 S.W.3d 351, 364
(Tex. 2004). 
          The record reveals that Duncan filed the following motions: (1) a motion for
appointment of counsel, (2) multiple motions to compel, (3) a motion to reinstate, (4)
a motion for extension of time to file motion for new trial, and (5) a motion for new
trial.


 The record also reveals that Duncan filed notices of submission and/or hearing
on his motion for appointment of counsel, motions to compel, motion to reinstate,
motion for extension of time to file motion for new trial, and motion for new trial. 
There is no indication in the record that the trial court ruled on these motions.


 
          It is true that a trial court is generally required to consider and rule upon a
motion within a reasonable time. Safety Kleen Corp. v. Garcia, 945 S.W.2d 268, 269
(Tex. App.—San Antonio 1997, orig. proceeding); Barnes v. State, 832 S.W.2d 424,
426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding). However, in light of
the circumstances presented as demonstrated below, we hold that the trial court’s
failure to rule on Duncan’s motions did not probably cause the rendition of an
improper judgment. Tex. R. App. P. 44.1(a).
          First, in regard to Duncan’s motion to appoint counsel, we would ordinarily
review a trial court’s refusal to appoint trial counsel in a civil case for an abuse of
discretion. Gibson v. Tolbert, 102 S.W.3d 710, 712 (Tex. 2003); Wigfall v. Tex.
Dep’t of Criminal Justice, 137 S.W.3d 268, 274–75 (Tex. App.—Houston [1st Dist.]
2004, no pet.). The Texas Supreme Court has suggested that a trial court could
appoint counsel to an indigent civil litigant in exceptional circumstances. Id. “In
evaluating what might constitute exceptional circumstances, we are to consider the
‘unique circumstances’ of the case and determine whether the trial court had ‘no
reasonable alternative but to appoint counsel.’” Wigfall, 137 S.W.3d at 274–75
(quoting Tolbert, 102 S.W.3d at 713). 
          Duncan contended he was without sufficient funds to hire an attorney and that
he had made several attempts to hire an attorney, but was unsuccessful. Duncan also
contended that the case was complex and that, because of conflicting testimony, “skill
in presentation and cross examination” would be required. Like the supreme court
in Tolbert and this Court in Wigfall, we note that indigent plaintiffs routinely obtain
legal representation through contingent fee contracts, and Duncan’s indigence should
not have prevented him from obtaining legal counsel, provided that his claims were
meritorious. Tolbert, 102 S.W.3d at 713; Wigfall, 137 S.W.3d at 275. We conclude
that the circumstances presented by Duncan’s case are not exceptional, and that the
trial court’s denial of Duncan’s motion for appointment of counsel would not have
been in error. Accordingly, we further hold that the trial court’s error, if any, in
failing to rule on Duncan’s motion to appoint counsel did not “probably cause[] the
rendition of an improper judgment.” Tex. R. App. P. 44.1(a).
          Second, in regard to Duncan’s motions to compel, we note that the record
establishes, as a matter of law, that Duncan failed to satisfy the notice requirements
of section 101.101. It is undisputed that the only notice on which Duncan relies is a
letter he sent to Reliant, a distinct corporate entity. The City presented
uncontradicted testimony that it did not receive timely notice of Duncan’s claim. 
Duncan does not allege, much less present argument supported by competent
summary judgment evidence, that the City, or any of its agents or representatives, was
aware that Duncan was injured as a result of tripping over the guy wire. There is also
no evidence that a City employee, agent, or representative charged with a duty to
investigate and report facts to a person of sufficient authority had any knowledge of
Duncan’s injury or had a subjective awareness that the City’s fault produced or
contributed to Duncan’s injury. We hold that, to the extent that the trial court
committed error in failing to rule on Duncan’s motions to compel, such error did not
“probably cause[] the rendition of an improper judgment.” Id.
          Finally, in regard to Duncan’s motion to reinstate, motion for extension of time
to file motion for new trial, and motion for new trial, the trial court granted the City’s
summary judgment motion on December 20, 2004. On January 18, 2005, less than
thirty days from the date of the judgment, Duncan filed a “motion to reinstate.” This
motion was, in substance, a motion for new trial and was timely filed. Tex. R. Civ.
P. 329b(a).


 Duncan’s motion was overruled by operation of law and his complaint
concerning the trial court’s refusal to rule on his motion to reinstate, motion for
extension of time to file motion for new trial, and motion for new trial lacks merit. 
Tex. R. Civ. P. 329b(c).
          Accordingly, we overrule Duncan’s second issue.                       
Conclusion
          We affirm the judgment of the trial court.
 
 
 
                                                                        Terry Jennings
                                                                        Justice
 
Panel consists of Justices Nuchia, Jennings, and Higley.