COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| SERGIO SUAREZ, | § | No. 08-23-00207-CV |
| Appellant, | § | Appeal from |
| v. | § | 49th District Court of |
| JAIME QUINTERO, | § | of Webb County, Texas |
| Appellee. | § | (TC# 2019CVK000952-D1) |

## MEMORANDUM OPINION

This case involves a thrice attempted sale of real estate. The would-be buyer, Sergio Suarez, appeals the trial court's summary judgment and directed verdict orders in Jaime Quintero's favor. For the following reasons, we affirm.[1]

## I. BACKGROUND

In March 2018, Suarez attempted to buy a three-acre undeveloped parcel of land in an owner-financed transaction with Quintero and his son, Jaime Quintero, Jr., who jointly own the property. That deal fell through, so Suarez again attempted the purchase in May 2018. That attempt also failed.[2] Trying to complete the sale once more, Suarez entered a third contract for the same property on August 21, 2018. However, unlike the first two contracts, this contract included only

---

[1] This case was transferred pursuant to the Texas Supreme Court's docket equalization efforts. Tex. Gov't Code Ann. § 73.001. We follow the precedent of the Fourth Court of Appeals to the extent it might conflict with our own. *See* Tex. R. App. P. 41.3.

[2] Quintero claims these attempts failed because Suarez could not make the required down payment.

1

Quintero's name—and not his son's—as the seller. The contract provided only three days for the parties to close. After the closing did not take place on time and Quintero did not agree to an extension, the third attempted sale failed.

In May 2019, Suarez sued Quintero, claiming breach of contract based on Quintero's failure to close the third attempted sale. He sought specific performance, or alternatively $200,000 in damages,[3] as well as injunctive relief. Quintero maintained that the contract is unenforceable because it does not include Quintero, Jr.—the other owner of the property. Nearly four years later, Suarez amended his pleadings to add a fraud claim. Suarez claimed he relied on Quintero's representations that he had the authority to sell all three acres and could close on the property within the contracted time.

Both parties sought summary judgment at various points in the litigation. Relevant here, the trial court denied Suarez's motion for summary judgment on his breach-of-contract and fraud claims, and it granted Quintero's motion for summary judgment on his affirmative defense of mutual mistake. The case proceeded to a three-day jury trial on Suarez's fraud claim. After Suarez rested, both sides orally moved for directed verdict. The trial court denied Suarez's motion and granted Quintero's. Suarez appeals.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

Directed verdict is proper if a claimant fails to present evidence that raises a genuine issue of material fact on one or more requisite elements of the claim. *City of Baytown v. Schrock*, 645 S.W.3d 174, 178 (Tex. 2022). We review a trial court's grant of directed verdict de novo, using the legal sufficiency standard appellate courts apply to no-evidence summary judgments. *Id.* That is, we examine the evidence in the light most favorable to the party suffering an adverse judgment

---

[3] This amount increased as the case progressed. By what we construe as Suarez's live pleading (his "First Supplemental to Fourth Amended Original Petition"), he sought "at least $300,000" for damages based on Quintero's failure to close.

and resolve all reasonable inferences in the nonmovant's favor. *S.V. v. R.V.*, 933 S.W.2d 1, 8 (Tex. 1996). We review the entire record to determine whether there is more than a scintilla of evidence supporting a genuine issue of material fact. *Salazar v. Sanders*, 440 S.W.3d 863, 870 (Tex. App.— El Paso 2013, pet. denied). But in reviewing a directed verdict, we consider any reason the directed verdict could have been granted, even if it was not expressly urged by the movant. *1776 Energy Partners, LLC v. Marathon Oil EF, LLC*, No. 04-20-00304-CV, 2023 WL 2669669, at \*15 (Tex. App.—San Antonio Mar. 29, 2023, no pet.).

We review summary judgments de novo. *McGehee v. Endeavor Acquisitions, LLC*, 603 S.W.3d 515, 521 (Tex. App.—El Paso 2020, no pet.). In a traditional summary-judgment motion, the moving party bears the burden to establish there is no genuine issue of material fact and it is entitled to judgment as a matter of law. *Id.* We take as true all evidence favorable to the non-movant, indulging every reasonable inference and resolving any doubts in his favor. *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 219 (Tex. 2017).

### III. DISCUSSION

In three issues on appeal, Suarez maintains the trial court erred by (1) denying his motions for summary judgment and directed verdict as to fraud, (2) granting Quintero's motion for summary judgment as to mutual mistake and motion for directed verdict as to fraud, and (3) failing to issue findings of fact and conclusions of law following his request for the same. We start by addressing Suarez's issues involving fraud in two parts: first, we address the denial of his summary-judgment motion (the first part of Issue One); second, we address the denial of his directed-verdict motion and the granting of Quintero's directed-verdict motion (the second part of Issue One and the second part of Issue Two). Then, we turn to Suarez's issues regarding mutual mistake (the first part of Issue Two) and findings of fact and conclusions of law (Issue Three).

### A. We do not review the denial of Suarez's motion for summary judgment on his fraud claim.

Suarez argues the trial court erred by denying his motion for summary judgment on his fraud claim. He maintains that the evidence conclusively established that Quintero fraudulently represented that he owned 100% of the property, and Suarez relied on that representation to his detriment.

Though the trial court denied Suarez's motion for summary judgment on his fraud claim, the parties later went to trial on that claim. Under the circumstances here, the final order, but not the order on the summary judgment, is reviewable on appeal. *George v. Cypress Springs Prop. Owners Ass'n*, 668 S.W.3d 877, 884 (Tex. App.—El Paso 2023, no pet.) (recognizing that statutory exceptions may apply to provide for appellate review of summary judgment orders in other circumstances); *see also Educap, Inc. v. Mendoza*, No. 03-18-00686-CV, 2019 WL 4727071, at *2 (Tex. App.—Austin Sept. 27, 2019, no pet.) (mem. op.); *accord Bell v. Willow Creek Cafe*, No. 04-09-00596-CV, 2010 WL 1491712, at *2 (Tex. App.—San Antonio Jan. 14, 2010, no pet.) (mem. op.). As a trial followed the denial of Suarez's summary judgment on his fraud claim, resulting in a directed verdict for Quintero, we do not review the point of error regarding the summary judgment. The first part of Issue One is overruled.

### B. We cannot review the trial court's decision to deny Suarez's motion for directed verdict and grant Quintero's motion for directed verdict on Suarez's fraud claim.

Next, we address Suarez's points of error asserting the trial court erred in denying his motion for directed verdict and in granting Quintero's motion for directed verdict on fraud.

Suarez has provided only an excerpt of the reporter's record from the three-day trial proceedings.[4] But a party appealing a directed verdict must present the entire record of the trial

---

[4] Specifically, Suarez included a transcript from the portion of the trial during which the motions for directed verdict were heard.

court proceedings to establish reversible error. *McDonald v. State*, 936 S.W.2d 734, 737 (Tex. App.—Waco 1997, no writ) (citing *Schafer v. Conner*, 813 S.W.2d 154, 155 (Tex. 1991)). We cannot determine from the excerpt before us whether either Suarez or Quintero were entitled to directed verdict as a matter of law. *See Schrock*, 645 S.W.3d at 178 (noting that directed verdict is proper when no evidence supports a vital fact or the evidence fails to state a claim as a matter of law); *see also Mendoza v. La Mesa Apartments*, No. 08-23-00035-CV, 2023 WL 4089446, at *2 (Tex. App.—El Paso June 20, 2023, no pet.) ("Without a complete record of the proceedings below, including pleadings and relevant hearing transcripts, an appellate court cannot properly address the merits of an evidentiary claim."). As the appellant, Suarez bore the burden to present a record on appeal that establishes reversible error. *Melendez v. Exxon Corp.*, 998 S.W.2d 266, 278 (Tex. App.—Houston [14th Dist.] 1999, no pet.). Because we cannot adequately review the directed verdict rulings with an incomplete record, the second part of Issue One and the second part of Issue Two are overruled. *See In re Marriage of Spiegel*, 6 S.W.3d 643, 646 n.1 (Tex. App.—Amarillo 1999, no pet.) ("[W]hen the reporter's record is missing and the issue before us depends upon matters within that record we may overrule or reject it." (citing Tex. R. App. P. 37.3(c))); *see, e.g.*, *Mendoza*, 2023 WL 4089446, at *2.

**C. We cannot review the trial court's ruling on Quintero's motion for summary judgment on the affirmative defense of mutual mistake.**

Suarez next argues the trial court erred by granting Quintero's motion for summary judgment on mutual mistake, which Quintero asserted as an affirmative defense to Suarez's breach-of-contract claim. Again here, the record is deficient, as it lacks Quintero's motion for summary judgment. While the clerk's record includes Suarez's response to the motion for summary judgment and the trial court's order granting Quintero's motion, it does not include the

motion itself.[5] *See* Tex. R. Civ. P. 166a(c). We cannot determine whether the trial court's ruling on that motion was proper without reviewing the contents of the motion—namely, the grounds presented to the trial court upon which summary judgment could be granted. *See Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625 (Tex. 1996) ("[I]n an appeal from a summary judgment, issues an appellate court may review are those the movant actually presented to the trial court."); Tex. R. App. P. 33.1(a)(1); *see also Nall v. Plunkett*, 404 S.W.3d 552, 555 (Tex. 2013) ("[T]he court of appeals cannot 'read between the lines' or infer from the pleadings any grounds for granting the summary judgment other than those grounds expressly set forth before the trial court."). Accordingly, we cannot review the trial court's ruling on Quintero's motion for summary judgment on mutual mistake, and the first part of Issue Two is overruled.

### D. The trial court did not err by declining to issue findings of fact and conclusions of law.

In his final issue, Suarez argues the trial court erred by failing to issue findings of fact and conclusions of law despite his timely requests under Texas Rule of Civil Procedure 296. However, a party is not entitled to findings of fact and conclusions of law following a judgment after summary judgment or a directed verdict. *IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 443 (Tex. 1997); *accord Walker v. Hardin*, No. 04-03-00864-CV, 2005 WL 899926, at *1 (Tex. App.—San Antonio Apr. 20, 2005, no pet.) (mem. op.). Thus, Suarez was not entitled to findings of fact and conclusions of law, and the trial court did not err when it declined to issue the same. Issue Three is overruled.

---

[5] When Suarez made his request for documents to be included in the clerk's record, pursuant to Texas Rule of Appellate Procedure 34.5(a), it appears that he did not include Quintero's Motion for Summary Judgment on the Affirmative Defense of Mutual Mistake, which the docket sheet reflects was filed on March 23, 2023. No requests were made to supplement the clerk's record.

## IV. Conclusion

Having overruled all of Suarez's issues on appeal, we affirm the trial court's judgment.

LISA J. SOTO, Justice

July 31, 2024

Before Alley, C.J., Palafox and Soto, JJ.